TRACY HOPE DAVIS
U.S. Trustee for Region 17
U.S. DEPARTMENT OF JUSTICE
Office of the United States Trustee
1301 Clay Street, Suite 690N
Oakland, California 94612-5231
Email:       Maggie.McGee@usdoj.gov
Telephone:   (510) 637-3200
By:     BARBARA A. MATTHEWS (SBN 195084)
        Assistant U.S. Trustee
        MARGARET H. MCGEE (SBN 142722)
        Trial Attorney

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re:

PACIFIC STEEL CASTING COMPANY,
a California corporation,

                    Debtor.
_____

In re:
BERKELEY PROPERTIES, LLC, a
California Limited Liability corporation,

                    Debtor.
_____

Case No. 14-41045 RLE
Case No. 14-41048 RLE

Chapter 11

Cases Jointly Administered

## UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION FOR
## APPOINTMENT OF ATTORNEYS FOR DEBTOR

Tracy Hope Davis, the United States Trustee for Region 17 ("U.S. Trustee"), objects to the "Application For Appointment of Attorneys For Debtor" ("Application") filed by the Debtor to employ Binder & Malter, LLP, ("Proposed Counsel") for the reasons set forth below:

1. Paragraph 14 of the Application provides that Proposed Counsel received: (i) $20,000.00 from Tri Pacific., Inc. a major shareholder of Debtor (82% of common stock); and (ii) subsequent payments of $9,416.00 and $9,073.75 for the respective accounts of Debtor and Berkeley Properties, LLC, a California limited liability company ("BP") by BP. The Court in *In re Lotus Properties*, 200 B.R. 288 (Bankr. C.D. Cal. 1996) applied a five part test in determining whether the debtor could be funded by the Debtor's insiders. *Id. citing, In re Kelton*, 109 B.R. 641 (Bankr. D. Vt. 1989). The five part test requires the following:

> (1) the arrangement must be fully disclosed to the debtor/client and the third party payor/insider;
> 
> (2) the debtor must expressly consent to the arrangement;
> 
> (3) the third party payor/insider must retain independent legal counsel and must understand that the attorney's duty of undivided loyalty is owed exclusively to the debtor/client;
> 
> (4) the factual and legal relationship between the third party payor/insider, the debtor, the respective attorneys, and their contractual arrangement concerning the fees, must be fully disclosed to the Court at the outset of the debtor's bankruptcy representation;
> 
> (5) the debtor's attorney/applicant must demonstrate and represent to the Court's satisfaction the absence of facts which would otherwise create non-disinterestedness, actual conflict or impermissible potential for a conflict of interest.

2. In addition to the above, the U.S. Trustee requests that the Application make specific disclosure regarding any actual or potential conflicts of interest which may exist between the Debtors and Tri Pacific, Inc. The U.S. Trustee further requests that the Tri Pacific, Inc. submit a declaration indicating they understand the duty of loyalty and addressing any

potential conflicts or issues of disinterestedness.

3. Paragraph 13 of the Application states that Applicant "has consulted on and been employed in other cases, some of which are ongoing, in which Binder & Malter, LLP is counsel for the debtor or other party in interest." Further disclosure is necessary to ensure that that Court and the U.S. Trustee can fully evaluate the Applicant's disinterestedness.

4. Paragraph 14 of the Application provides that on March 7, 2014, Proposed Counsel received several payments totalling $488,489.75. The payment amounts disclosed in section 9 of the Statement of Financial Affairs total $488,489.75. The amount disclosed in the 2016 Statement is $461,063.75. Proposed Counsel should clarify these discrepancies.

5. The employment agreement between the Debtor and Proposed Counsel was not attached to the Application as required by section 2.1.2 of the United States Trustee Guidelines ("Guideline"), published on the United States Bankruptcy Court for the Northern District of California's website. The U.S. Trustee reserves the right to raise further objections, if necessary, once the above information is provided.

6. Debtor's Certificate of Service states that the proposed order authorizing Proposed Counsel's employment was served on the U.S. Trustee, but as of the filing of this objection, the U.S. Trustee has not received said proposed order. In order to complete her review of Proposed Counsel's Application, she will need to review the proposed order.

WHEREFORE, the U.S. Trustee requests that Debtor's Application to employ Proposed Counsel in its present form not be approved. The U.S. Trustee also requests that the Court provide such other and further relief as the Court deems just and proper.

Dated: March 21, 2014     TRACY HOPE DAVIS
                          UNITED STATE TRUSTEE


                          ___/s/Margaret H. McGee____/
                          MARGARET H. MCGEE
                          Trial Attorney
                          Office of the U.S. Trustee, Oakland Division