MICHAEL W. MALTER, #96533
JULIE H. ROME-BANKS, #142364
WENDY W. SMITH, #133887
KRISTINA A. PARSON, #257840
Binder & Malter, LLP
2775 Park Avenue
Santa Clara, CA 95050
Telephone: (408)295-1700
Facsimile: (408) 295-1531
Email: michael@bindermalter.com
Email: julie@bindermalter.com
Email: wendy@bindermalter.com
Email: kristina@bindermalter.com

Proposed Attorneys for Debtors and Debtors-in-Possession
PACIFIC STEEL CASTING COMPANY and
BERKELEY PROPERTIES, LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>PACIFIC STEEL CASTING COMPANY,<br>a California corporation,<br><br>Debtor. | Case No. 14-41045-RLE<br>Case No. 14-41048-RLE<br><br>Chapter 11<br><br>Cases Jointly Administered |
| In re<br><br>BERKELEY PROPERTIES, LLC, a<br>California limited liability company,<br><br>Debtor. | |

**REPLY TO UNITED STATES TRUSTEE'S OBJECTON TO APPLICATION FOR APPOINTMENT OF ATTORNEYS FOR DEBTOR**

Comes now Binder & Malter LLP ("B&M") and replies to the Objection of the United States Trustee ("U.S. Trustee") to the Application for Appointment of Attorneys for Debtor ("Application") filed in the case of Pacific Steel Casting Company ("PSC"). For purposes of

clarity, B&M also addresses any similar concerns that the U.S. Trustee has with a similar Application for Appointment of Attorneys for Debtor also filed by B&M in the related case of Berkeley Properties, LLC ("BP", collectively with PSC the "Debtors"). In support thereof, B&M respectfully represents:

1. B&M has disclosed the relationships by and among, PSC, BP and Tri-Pacific, Inc. as follows:

A. BP is a wholly owned subsidiary of PSC. B&M has been retained as bankruptcy counsel by both BP and PSC. True and correct copies the Attorney-Client Fee Agreement for each of the chapter 11 cases are attached as Exhibits "A" and "B" to the Declaration of Julie H. Rome-Banks ("Banks Declaration") filed concurrently herewith and are incorporated herein by such reference.

B. Tri-Pacific, Inc. is the majority shareholder of PSC. As disclosed in the List of Equity Security Holders filed under oath in this bankruptcy case, Tri-Pacific, Inc. holds 82.126% of the outstanding common shares of stock in PSC. A true and correct copy of the List of Equity Security Holders is attached as Exhibit "C" to the Banks Declaration and is incorporated herein by reference. Tri-Pacific, Inc. paid an initial retainer of $20,000.00 to B&M on behalf of PSC on or about August 2, 2013. B&M subsequently rendered services to PSC after August 2, 2013 and exhausted the initial retainer paid by Tri-Pacific, Inc. Tri-Pacific, Inc. has made no other payments to B&M and no agreement exists between Tri-Pacific and B&M regarding payment of any services rendered or to be rendered on behalf of PSC and BP.

C. Tri-Pacific, Inc. is represented by its own counsel, Michael S. Davidson, Esq. of Vista Law Group LLP. A reflected in the Declaration of Michael S. Davidson filed concurrently herewith, Mr. Davidson has acknowledged on behalf of Tri-Pacific Inc. that

B&M's duty of loyalty is owed exclusivity to the Debtors.

D. In October 2013, as a precaution, B&M requested that the Debtors and Tri-Pacific, Inc. acknowledge in writing that the payment of retainer by Tri-Pacific, Inc. did not create a potential conflict of interest and that B&M's duty of loyalty rests with PSC. The letter further states that Tri-Pacific, Inc. shall in no way direct B&M's actions in its representation of PSC. The letter also acknowledged certain then-existing inter-company debts between PSC and its subsidiary BP; these debts were paid off before the chapter 11 bankruptcy cases were filed. The letter also acknowledged that PSC and BP were co-obligors or guarantors of certain obligations (such as secured creditor Wells Fargo Bank) and therefore as an additional precaution any potential or actual conflict of interest was waived by PSC and BP in regard to B&M's engagement as counsel to PSC and BP. A true and correct copy of the October 2013 letter is attached as Exhibit "D" to the Banks Declaration and is incorporated herein by reference.

3. The U.S. Trustee requested further disclosure of a portion of Paragraph 13 of the Application which states, "…has consulted on and been employed in other cases, some of which are ongoing, in which Binder & Malter, LLP is counsel for the debtor or other party in interest". The disclosure in question concerns "BPM" which is identified in the Application as Burr Pilger Mayer, proposed financial advisors to the Debtors. B&M has previously represented Edward Webb, a Senior Director and Consultant employed by BPM, as a real property receiver in an unrelated action in Santa Cruz County Superior Court styled as *Careaga v. Negrette*, Case No. CV-177031, in which the receiver's duties were discharged in October 2013; that representation has terminated. In 2012, BPM acted as a business consultant for a short period of time on behalf Milpitas Mowers, a sole proprietorship of Brian and Brett Santo. B&M later filed a chapter 7

REPLY TO UNITED STATES TRUSTEE'S OBJECTON TO APPLICATION FOR APPOINTMENT OF ATTORNEYS FOR DEBTOR
PAGE 3

bankruptcy case for Mr. and Mrs. Santo on January 17, 2013 as case number 13-40294-WJL and a discharge was entered on April 23, 2013. Finally, B&M is also currently appointed as counsel to the chapter 11 debtors in the jointly administered cases of The Krisam Group and Global Events Partners, Inc., Case nos. 14-50393-CN and 14-50395-CN, presently pending in the San Jose Division of the Northern District of California Bankruptcy Court. Mr. Webb is the Chief Restructuring Officer of The Krisam Group and Global Events Partners, Inc. and the appointed Responsible Individual in those bankruptcy cases. These connections are unrelated to the instant case and do not affect B&M's disinterestedness, nor do they pose an actual or potential conflict of interest.

4. The difference between the amount of payments to B&M of $488,489.75 reported in both paragraph 14 of the Application and in section 9 of the Statement of Financial Affairs as compared with the amount disclosed in the Rule 2016(b) Statement of $461,063.75 is attributable to the $25,000 retainer specifically allocated to BP and the two chapter 11 filing fees totaling $2,426.00 and can be explained as follows:

```
$20,000.00      paid by Tri-Pacific, Inc. 8-2-13
$9,416.00       paid by Berkeley Properties LLC 11-15-13
$9,073.75       paid by Berkeley Properties LLC  1-7-13
$450,000.00     paid by Pacific Steel Casting Co. 3-7-13 (wire)
$488,489.75     Subtotal All Payments
<$25,000.00>    Less: Berkeley Properties LLC retainer
<$1,213.00>     Less: Berkeley Properties LLC filing fee
<$1,213.00>     Less: PSC filing fee
$461,063.75     Total paid on account of PSC for legal services (Rule 2016(b))
```

5. B&M provided copies of its appointment pleadings in both bankruptcy cases, including the proposed orders, to the U.S. Trustee by email on March 12, 2014, the same date that the Application and supporting pleadings were filed with the Court. True and correct copies of the email messages whereby the pleadings were served are attached collectively as Exhibit

Case: 14-41045    Doc# 92    Filed: 03/24/14    Entered: 03/24/14 16:52:30    Page 4 of 5

"E" to the Banks Declaration and the Certificates of Service are attached as Exhibits "F" and "G" to the Banks Declaration.  For the convenience of the U.S. Trustee and the Court, updated copies of the proposed orders authorizing B&M's appointment as counsel reflecting the double caption for these jointly administered cases are also attached as Exhibits "H" and "I" to the Banks Declaration.

 Wherefore, B&M prays that the Court overrule the objections to the Applications and enterer the proposed orders appointing B&M as counsel to the Debtors herein and for such other and further relief as the Court deems just and proper.

Dated: March 24, 2014         BINDER & MALTER, LLP

             By:   /s/ Julie H. Rome-Banks
               Julie H. Rome-Banks
               Proposed Attorneys to Debtors

REPLY TO UNITED STATES TRUSTEE'S OBJECTON TO APPLICATION FOR APPOINTMENT OF ATTORNEYS FOR DEBTOR      PAGE 5

Case: 14-41045 Doc# 92 Filed: 03/24/14 Entered: 03/24/14 16:52:30 Page 5 of 5