

MICHAEL W. MALTER
HEINZ BINDER
DAVID B. RAO
ROBERT G. HARRIS
JULIE H. ROME-BANKS
WENDY W. SMITH
ROYA SHAKOORI
KRISTINA A. PARSON
RYAN M. PENHALLEGON
CHRISTIAN BINDER
----------
NAN L. CORBER
  PARALEGAL

2775 PARK AVENUE
SANTA CLARA, CA 95050
----------
Please reply to:
P.O. Box 28461
San Jose, CA 95159-8461

TELEPHONE 408-295-1700
FACSIMILE   408-295-1531

## <u>ATTORNEY–CLIENT FEE<br>AGREEMENT</u>

**SCOPE OF REPRESENTATION:** **PACIFIC STEEL CASTING COMPANY (Chapter11 Case)**

Pacific Steel Casting Company (hereinafter referred to as "Client") and Binder & Malter, LLP (hereinafter referred to as "Attorney") hereby agree that Attorney will provide legal services to Client on the terms and conditions set forth below.

1. ***Conditions. This Agreement will not take effect, and Attorney will have no obligation to provide legal services, until Client returns a signed copy of this agreement and pays the initial deposit called for under Paragraph 4.***

2. *Scope of Services*. The legal services to be provided by Attorney are limited as set forth above. The specific tasks included in or excluded from the Scope of Representation may be described in greater detail in a letter from Attorney, which letter is incorporated in and made a part of this Agreement.

3. *Client's Duties*. Client agrees to be truthful with Attorney, to cooperate, to keep Attorney informed of any information or developments which may come to Client's attention, to provide complete and accurate factual information, documents and other communications relevant to the subject matter of Attorney's representation or as reasonably requested by Attorney, to abide by this Agreement, to pay Attorney's bills on time and to keep Attorney advised of any change in address or telephone number.

4. *Retainer Deposit*. Client agrees to deposit with Attorney an initial retainer in the sum of $188,193.61 ("Retainer"). The hourly charges will be charged against the Retainer. Client authorizes Attorney to use that fund to pay the fees and other charges as they are

incurred.  Payments from the fund will be made upon remittance to Client of a billing statement.

5.     ***Security Retainer***.     The retainer is specifically intended by the parties to be a "security retainer."  Client understands and agrees that the retainer is intended to provide security to Binder & Malter, LLP for the payment of services and reimbursement of costs advanced and hereby grants Binder & Malter, LLP a lien in the retainer furnished.  Client further understands that a retainer is a fee paid to Binder & Malter, LLP as consideration for its commitment to render legal services, and as indemnification for its loss of opportunity to render legal service to another party or parties.  For the foregoing reasons, the parties agree that the retainer is (1) deemed a trust fund, subject to deposit in Binder & Malter, LLP's Account, (2) Binder & Malter, LLP has the right to apply against the retainer all accrued time charges and reimbursable costs on a monthly basis upon the submission to Client of detailed statements of such time charges and reimbursable expenses; and (3) if either Client or Binder & Malter, LLP notifies the other party in writing of its decision to terminate this Agreement, the balance of the retainer amount may be applied to all accrued but unpaid charges and any remainder will be returned.

Client acknowledges that the Retainer deposit is not an estimate of total fees and costs, but merely an advance for security.

6.     ***Legal Fees and Billing Practices.***     Client agrees to pay by the hour at Attorney's prevailing rates for all time spent on Client's matter.   Current hourly rates are as follows:

| ATTORNEYS | HOURLY RATES |
|---|---|
| HEINZ BINDER | $495.00 |
| MICHAEL W. MALTER | $495.00 |
| ROBERT G. HARRIS | $450.00 |
| JULIE H. ROME-BANKS | $450.00 |
| DAVID B. RAO | $425.00 |
| WENDY W. SMITH | $425.00 |
| ROYA SHAKOORI | $395.00 |
| RYAN M. PENHALLEGON | $375.00 |
| KRISTINA A. PARSON | $325.00 |
| CHRISTIAN P. BINDER | $225.00 |
| PARALEGALS AND LAW CLERKS | $225.00 |

Client is retaining a law firm, not any particular attorney, and the attorney services to be provided to Client will not be performed by any particular attorney, but may be delegated at the direction and discretion of the principal attorney.

The rates on this schedule are subject to change on 30 days' written notice to Client. If Client declines to pay any increased rates, Attorney will have the right to withdraw as Attorney for Client.

The time charged will include the time Attorney spends on telephone call relating to Client's matter, including calls with Client and other parties and attorneys. The legal personnel assigned to Client's matter may confer among themselves about the matter, as required and appropriate. When they do confer, each person will charge for the time expended, as long as the work done is reasonably necessary and not duplicative. Likewise, if more than one of the legal personnel attends a meeting or other proceeding, each will charge for the time spent. Attorney will charge for waiting time and for travel time, both local and out of town.

Time is charged in minimum units of one-tenth (0.1) of an hour.

7.    *Cost and Other Charges*.    In general, Attorney will incur various costs and expenses in performing legal services under this Agreement. Client agrees to pay for all costs, disbursements and expenses in addition to the hourly fees. The costs and expenses commonly include, but are not limited to, fees for court filing, service of process, deposition costs, copying of records, long distance telephone calls, large volume postage, investigation expenses, property appraisals, accountants' fees, experts' fees and other similar items.

8.    *Billing Statements*.    Attorney will send Client periodic statements for fees and costs incurred. **Each statement will be payable within 10 days of its mailing date,** and shall bear interest at the rate of ten percent (10%) per annum on balances outstanding for more than thirty (30) days. Any objection to any billing must be brought to Attorney's attention within thirty (30) days of the billing date; otherwise, Client is deemed to have accepted and agreed to the billing as sent.

9.    *Discharge and Withdrawal.*    Client may discharge Attorney at any time. Client agrees to pay for all costs that Attorney has advanced to date and to pay for all services to date. Attorney may withdraw with Client's consent or for good cause. Good cause includes Client's breach of this Agreement, including failure to timely pay any billing statement, refusal to cooperate or to follow Attorney's advice on a material matter or any fact or circumstance that would render Attorney's continuing representation unlawful or unethical. When Attorney's services conclude, Attorney will, upon Client's request, deliver Client's file and property in Attorney's possession.

10. ***Disclaimer of Guarantee and Estimates.*** Nothing in this Agreement and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of the matter. Attorney makes no such promises or guarantees. Attorney's comments about the outcome of the matter are expressions of opinion only. Any estimate of fees given by Attorney shall not be a guarantee. Actual fees may vary from estimates given.

11. ***Entire Agreement.*** This Agreement contains the entire agreement of the parties. No other agreement, statement or promise made on or before the effective date of this Agreement will be binding on the parties.

12. ***Severability in Event of Partial Invalidity.*** If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

13. ***Modification by Subsequent Agreement.*** This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them or an oral agreement only to the extent that the parties carry it out.

14. ***Jurisdiction and Venue.*** Any questions, disputes, controversies or misunderstandings arising under or in connection with this Agreement shall be determined by the Superior Court for the County of Santa Clara.

15. ***Attorney's Fees.*** The prevailing party in any action or proceeding arising out of or to enforce any provision of this Agreement will be awarded reasonable attorney's fees and costs incurred in that action or proceeding, or in the enforcement of any judgment or award rendered.

16. ***Insurance.*** Attorney carries errors and omissions insurance in the amounts in excess of that required by the California State Bar Association.

17. ***Effective Date***. This Agreement will govern all legal services performed by Attorney on behalf of Client commencing with the date Attorney first performed services.

THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM AS OF THE DATE ATTORNEY FIRST PROVIDED SERVICES. IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE, JOINTLY AND SEVERALLY, FOR ALL OBLIGATIONS UNDER THIS AGREEMENT.

Attorney Retainer Agreement
Page 5

Dated: March 10, 2014

BINDER & MALTER, LLP

By: _____
Michael W. Malter, Esq.

*I acknowledge receipt of a copy of this Agreement and agree to the contents contained herein.*

Dated: March 10, 2014

PACIFIC STEEL CASTING COMPANY

By: _Catherine Delsol_
Catherine Delsol, President

nc/PSCC/corr/Chapter 11 Retainer