UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:
SECOND STREET PROPERTIES*
14-41045-RLE

Debtor(s)　　For the quarter ending:　　06/30/2020 [1]

The revested debtor hereby submits the following post-confirmation report for this calendar quarter:

1. Date of entry of order confirming plan: 07/01/2015

2. Cash balance at beginning of quarter: $85,671.79
   Total receipts during quarter: $ -
   Total cash transfers in from subsidiary (Case: 14-41048-RLE, Berkeley Properties LLC, see 2a) $ -
   Total disbursements during quarter: $5,887.35
   Cash balance at end of quarter: $79,784.44

3. Payments made pursuant to the Plan this quarter: $5,112.35

   Total payments to be made pursuant to the Plan: Estimated, subject to change $14,523,765.99
   Cumulative paid to date: $1,111,995.69
   Balance remaining to be made under the Plan: Estimated, subject to change $13,411,770.30

   As of the end of this reporting period | Yes | No

4. Are all payments required by the confirmed plan current at this time? [If not, attach explanatory statement identifying payments not made (by creditor, amount and date due), reason for non-payment, and an estimated date as to when payments will be brought current.]　　X

5. Do you currently anticipate a circumstance/event which will cause an interruption or cessation of payments or other performance under the Plan? (If yes, attach an explanatory statement.)　　X

6. Have quarterly fees due to the United States Trustee to the date of this report been paid pursuant to 28 U.S.C. § 1930(a)(6) and the Plan?　　X

---

[1] First report shall be filed for the portion of the calendar quarter from date of confirmation to the end of quarter, and subsequent reports shall be filed at the expiration of each calendar quarter thereafter until dismissal, conversion or entry of a final decree closing the case. Reports shall be filed with the court and served on the UST not later than twenty (20) days after expiration of the reported period.

|    |                                                                                                                                                                                                                                                                                            | Yes                                      | No |
|----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------------------------------------------|----|
| 7. | Have all motions, contested matters, and adversary proceedings been resolved? (If no, for each such pending motion, contested matter or adversary proceeding, identify the parties and nature of the dispute and state the anticipated resolution.)                                        | See Explanation<br>X                     |    |
| 8. | Has the order confirming the Plan become nonappealable?                                                                                                                                                                                                                                    | X                                        |    |
| 9. | Have deposits, if any, required by the Plan been distributed pursuant to the Plan? (If no, please explain.)                                                                                                                                                                                | X                                        |    |
| 10.| Has any property proposed by the Plan to be transferred been transferred pursuant to the Plan?                                                                                                                                                                                             | X                                        |    |
| 11.| Does any property remain to be transferred pursuant to the Plan? (If yes, identify each such property and the anticipated date of transfer pursuant to the Plan.)                                                                                                                          | See Explanation<br>X                     |    |
| 12.| Has the revested debtor(s) or the successor of the debtor(s) assumed the business or management of the property dealt with by the Plan?                                                                                                                                                    | Plan Administrator as fiduciary.<br>X    |    |
| 13.| Anticipated date of motion for final decree:                                                                                                                                                                                                                                               | 06/30/2021                               |    |

I declare under penalty of perjury that the statements set forth above are true and accurate.

July 20, 2020
Dated:

*[signature]*
Responsible Individual (signature)

Matthew English, Manager
Arch & Beam Global LLC, Plan Administrator
Print Name

Note: On September 30, 2015, the Plan went effective with Arch & Beam Global LLC as Plan Administrator.

Current Address:
Second Street Properties & Berkeley Properties LLC
c/o Arch & Beam Global LLC, Plan Administrator
7 W 41st Ave - #523
San Mateo, CA 94403

\* Second Street Properties was previously known as Pacific Steel Casting Company.

Telephone Number:
415-252-2900 x312

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:
SECOND STREET PROPERTIES*
14-41045-RLE

Debtor (s)   For the quarter ending:   06/30/2020

**Explanatory Statements**

2. Berkeley Properties LLC is a wholly owned subsidiary of Second Street Properties (related case 14-41045- RLE). As Berkeley Properties LLC owns the real estate assets, all rents and property taxes are paid to Berkeley Properties LLC. All Claims in the Bankruptcy case are against the parent company, Second Street Properties. All distributions to creditors in the future will be made from Second Street Properties. It is the Plan Administrator's contention that any funds moved from Berkeley Properties LLC to Second Street Properties for the purpose of funding a distribution from Second Street Properties to Creditors are NOT disbursements, but rather just intercompany funds transfers. The Plan Administrator has used this logic when calculating the quarterly fees to the US Trustee, as otherwise, there would be a doubling of fees that would not be linked to actual disbursements. Therefore, larger US Trustee fees will be paid by Second Street Properties with only the minimal amount from Berkeley Properties LLC. Should the US Trustee have a concern with this, please speak to the Plan Administrator: Matthew English, Arch & Beam Global LLC, ssp.bp.pa@arch-beam.com.

5. As per our previous communications, it has been the intention of the bankruptcy estate to do an annual distribution each year to creditors. The funds for these distributions were planned to come from the rents received from the Debtor's real estate in Berkeley, CA, after the funding and maintaining of appropriate reserves. The tenant of the Debtor's real estate is Pacific Steel Casting Company LLC ("PSCC LLC"), the company that purchased the Second Street Properties' assets through the bankruptcy.

Distributions to creditors have always been under the assumption that the bankruptcy estate would continue to receive rents from PSCC LLC for the term of the lease as this is the bankruptcy estate's primary source of cash for creditor distributions. Due to its own financial difficulties and shut-down, PSCC LLC vacated the premises on November 28th, 2018. This has created significant uncertainty for the bankruptcy estate for future distributions.

In 2018, the Plan Administrator, in consultation with its advisors and with unanimous approval of the Post-Confirmation Committee, made a second distribution of 3.25% of unsecured claims (aggregate of about $500,000) to unsecured creditors in June 2018, representing a 7% distribution case-to-date . Future distributions will be made only should adequate funds be available to make general unsecured distributions and only after setting aside funds for critical reserves. Future distributions will be subject to the resolution of certain disputes and the net proceeds from real estate sales that have unknown timings and amounts. Although these items were identified risk factors inherent with the Plan of Reorganization, it is very disappointing for everyone, especially as our tenant's decision to shut-down is out of our control.

The Plan Administrator has begun steps to sell the ten properties working with its advisors.

7. The Plan Administrator filed five complaints for avoidance and recovery of preferential transfers.    All of these complaints have been resolved as of 7/10/17.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:
SECOND STREET PROPERTIES*
14-41045-RLE

Debtor (s)    For the quarter ending:    06/30/2020

**Explanatory Statements**

11. The Plan contemplates that the Plan Administrator will make periodic distributions to holders of allowed General Unsecured Claims from funds currently on hand and from rents received from the Debtors' real estate in Berkeley, CA, after the funding and maintaining of appropriate reserves. Such interim distributions have been anticipated to be made on an annual basis beginning in 2016. A first priority claims distribution was made on 6/30/16. Distributions to general unsecured creditors were made on 12/21/16 and 6/30/18. These distributions were for only a small fraction of what is owed to creditors (in aggregate, approximately 7%), with additional annual distributions to follow, subject to cash availability. The Debtors' real estate assets are encumbered by a deed of trust that secures potential withdrawal liability under ERISA. In July 2020, if no withdrawal liability had been triggered, then the deed of trust encumbering the real property would be reconveyed as provided in the Plan, and the Plan Administrator could then proceed to market and sell the Debtors' real property and repay creditors with the proceeds. However, as stated above, the beneficiary of the deed of trust, the CMTA-Glass, Molders, Pottery, Plastics and Allied Workers Local 1648 Pension Trust (the "Trust"), sent the Debtors a default letter on 12/28/17 asserting that withdrawal liability under ERISA has been triggered due to PSCC LLC's shut-down and an event of default has occurred under the terms of the deed of trust entitling the Trust to exercise remedies under the deed of trust. It is unclear what the full impact of this asserted default will be as the Plan Administrator is still investigating.

Given the complexity of maintaining these real estate assets and length of the likely sale process, during Q2'2019 and Q1'2020, Berkeley Properties LLC closed loans for a total of $2.3MM from Rubicon Mortgage Fund, LLC ("Rubicon"). The proceeds of these loans have been used to reimburse the Bankruptcy Estate for real estate sale expenses, property maintenance expenses, property taxes, loan interest, environmental expenses from November 1, 2018 through June 30, 2020. As part of this loan, a 1st lien on the real estate assets of Berkeley Properties, LLC was given to Rubicon and the Trust subordinated its deed of trust to Rubicon. As of 06/30/20, $2.3MM has been drawn on these loans.

On July 1, 2020, the Committee and the Plan Administrator of Second Street Properties and Berkeley Properties filed a motion requesting the Bankruptcy Court's approval to terminate the proxy held by the Committee to vote the shares of Second Street Properties, effectively returning control of the Debtors to their equity holders, and to transfer (i) the remaining cash (less an amount sufficient to comply with current environmental review obligations) and (ii) the claims the Reorganized Debtors have in the chapter 7 case of the new-defunct buyer of the steel casting business to a new entity that will be administered by the Plan Administrator and overseen by the Committee pursuant to the Plan. This was based on the Committee's and Plan Administrator's belief, having already run an extensive marketing of the property, that a sale of the property is unlikely to yield a return to the reorganized debtors over and above the liens on the property, and the Committee's and Plan Administrator's concerns about the associated costs of maintaining the property pending a sale. The motion is currently scheduled to be heard on August 5, 2020.