UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:
SECOND STREET PROPERTIES*
14-41045-RLE

| | |
|---|---|
| Debtor (s) For the quarter ending: | 09/30/2020 [1] |

The revested debtor hereby submits the following post-confirmation report for this calendar quarter:

1. Date of entry of order confirming plan:     07/01/2015

2. Cash balance at beginning of quarter:     $79,784.44
   Total receipts during quarter:     $ -
   Total cash transfers in from subsidiary (Case: 14-41048-RLE, Berkeley Properties LLC, see 2a)     $ 50,000.00
   Total disbursements during quarter:     $27,931.02
   Cash balance at end of quarter:     $101,853.42

3. Payments made pursuant to the Plan this quarter:

   Total payments to be made pursuant to the Plan:     Estimated, subject to change     $14,523,765.99
   Cumulative paid to date:     $1,111,995.69
   Balance remaining to be made under the Plan:     Estimated, subject to change     $13,411,770.30

   As of the end of this reporting period     Yes     No

4. Are all payments required by the confirmed plan current at this time? [If not, attach explanatory statement identifying payments not made (by creditor, amount and date due), reason for non-payment, and an estimated date as to when payments will be brought current.]     X

5. Do you currently anticipate a circumstance/event which will cause an interruption or cessation of payments or other performance under the Plan? (If yes, attach an explanatory statement.)     X

6. Have quarterly fees due to the United States Trustee to the date of this report been paid pursuant to 28 U.S.C. § 1930(a)(6) and the Plan?     X

---

[1] First report shall be filed for the portion of the calendar quarter from date of confirmation to the end of quarter, and subsequent reports shall be filed at the expiration of each calendar quarter thereafter until dismissal, conversion or entry of a final decree closing the case. Reports shall be filed with the court and served on the UST not later than twenty (20) days after expiration of the reported period.

|     |                                                                                                                                                                                                                                                                                 | Yes                                       | No  |
| --- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | ----------------------------------------- | --- |
| 7.  | Have all motions, contested matters, and adversary proceedings been resolved? (If no, for each such pending motion, contested matter or adversary proceeding, identify the parties and nature of the dispute and state the anticipated resolution.)                             | See Explanation<br>X                      |     |
| 8.  | Has the order confirming the Plan become nonappealable?                                                                                                                                                                                                                         | X                                         |     |
| 9.  | Have deposits, if any, required by the Plan been distributed pursuant to the Plan? (If no, please explain.)                                                                                                                                                                     | X                                         |     |
| 10. | Has any property proposed by the Plan to be transferred been transferred pursuant to the Plan?                                                                                                                                                                                  | X                                         |     |
| 11. | Does any property remain to be transferred pursuant to the Plan? (If yes, identify each such property and the anticipated date of transfer pursuant to the Plan.)                                                                                                               | See Explanation<br>X                      |     |
| 12. | Has the revested debtor(s) or the successor of the debtor(s) assumed the business or management of the property dealt with by the Plan?                                                                                                                                         | Plan Administrator as fiduciary.<br>X     |     |
| 13. | Anticipated date of motion for final decree:                                                                                                                                                                                                                                    | 06/30/2021                                |     |

I declare under penalty of perjury that the statements set forth above are true and accurate.

| October 20, 2020 | _/s/ Matt E._ |
| --- | --- |
| Dated: | Responsible Individual (signature) |

Note: On September 30, 2015, the Plan went effective with Arch & Beam Global LLC as Plan Administrator.

Matthew English, Manager
Arch & Beam Global LLC, Plan Administrator
Print Name

Current Address:
Second Street Properties & Berkeley Properties LLC
c/o Arch & Beam Global LLC, Plan Administrator
7 W 41st Ave - #523
San Mateo, CA 94403

* Second Street Properties was previously known as Pacific Steel Casting Company.

Telephone Number:
415-252-2900 x312

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:
SECOND STREET PROPERTIES*
14-41045-RLE

Debtor (s)   For the quarter ending: 09/30/2020

**Explanatory Statements**

2. Berkeley Properties LLC is a wholly owned subsidiary of Second Street Properties (related case 14-41045- RLE). Berkeley Properties LLC owns the real estate assets. All Claims in this Bankruptcy case are against the parent company, Second Street Properties. All distributions to creditors in the future will be made from Second Street Properties. It is the Plan Administrator's contention that any funds moved from Berkeley Properties LLC to Second Street Properties for the purpose of funding a distribution from Second Street Properties to Creditors are NOT disbursements, but rather just intercompany funds transfers. The Plan Administrator has used this logic when calculating the quarterly fees to the US Trustee, as otherwise, there would be a doubling of fees that would not be linked to actual disbursements. Therefore, larger US Trustee fees will be paid by Second Street Properties with only the minimal amount from Berkeley Properties LLC. Should the US Trustee have a concern with this, please speak to the Plan Administrator: Matthew English, Arch & Beam Global LLC, ssp.bp.pa@arch-beam.com.

5. As per our previous communications, it has been the intention of the bankruptcy estate to do an annual distribution each year to creditors. The funds for these distributions were planned to come from the rents received from the Debtor's real estate in Berkeley, CA, after the funding and maintaining of appropriate reserves. The tenant of the Debtor's real estate is Pacific Steel Casting Company LLC ("PSCC LLC"), the company that purchased the Second Street Properties' assets through the bankruptcy.

Distributions to creditors have always been under the assumption that the bankruptcy estate would continue to receive rents from PSCC LLC for the term of the lease as this is the bankruptcy estate's primary source of cash for creditor distributions. Due to its own financial difficulties and shut-down, PSCC LLC vacated the premises on November 28th, 2018. This has created significant uncertainty for the bankruptcy estate for future distributions.

In 2018, the Plan Administrator, in consultation with its advisors and with unanimous approval of the Post-Confirmation Committee, made a second distribution of 3.25% of unsecured claims (aggregate of about $500,000) to unsecured creditors in June 2018, representing a 7% distribution case-to-date . Future distributions will be made only should adequate funds be available to make general unsecured distributions and only after setting aside funds for critical reserves. Future distributions will be subject to the resolution of certain claims and disputes that have unknown timings and amounts.

7. The Plan Administrator filed five complaints for avoidance and recovery of preferential transfers.    All of these complaints have been resolved as of 7/10/17.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:
SECOND STREET PROPERTIES*
14-41045-RLE

Debtor (s)    For the quarter ending: 09/30/2020

**Explanatory Statements**

11. The Plan Administrator has an update regarding the real property owned by Berkeley Properties, LLC in Berkeley, CA, on which the former Pacific Steel Casting plants were located.

In July 2020, the Plan Administrator and the Post-Confirmation Committee jointly determined that due to a lack of funding for carrying costs, due to the fact that the Plan Administrator had been attempting to sell the real property for over two years with no success, and the fact that the liens asserted the real property exceeded the likely value of the real property in a sale, that the real property had become burdensome to the Berkeley Properties, LLC estate and it would be in the best interests of the estate to dispose of the real property through a sale or abandonment.

Berkeley Properties, LLC thus filed a voluntary chapter 11 petition on July 27, 2020 in the United States Bankruptcy Court for the Northern District of California, Oakland Division (the "Bankruptcy Court"), commencing Case No. 20-41235 (the "2020 Bankruptcy Case"). In the 2020 Bankruptcy Case, Berkeley Properties, LLC sought to either sell the real property with the consent of its secured creditor, the CMTA-Glass, Molders, Pottery, Plastics and Allied Workers Local 164B Pension Trust (the "Pension Trust"), or abandon the real property so that the Pension Trust could appoint a receiver over it or exercise other remedies with respect to it.

Pursuant to a stipulation in the 2020 Bankruptcy Case, Berkeley Properties, LLC abandoned the real property to the out-of-possession debtor, and the Pension Trust then obtained an order from the Alameda Superior Court appointing Thomas Seaman as receiver over the real property. The order from the Alameda Superior Court appointing the receiver was entered on October 14, 2020. Going forward, Mr. Seaman, as receiver, will be responsible for maintaining the real property, marketing the real property for sale, and obtaining funding for any maintenance costs associated with the real property. Arch + Beam, which as Court-appointed Plan Administrator had managed the real property until Mr. Seaman's appointment as receiver, will no longer manage the real property going forward.

In essence, the net effect of the above is that the real property owned by Berkeley Properties, LLC will be sold by the receiver for the benefit of the Pension Trust. The Berkeley Properties bankruptcy estate will not receive any recovery from such a sale, but will also not bear the substantial costs (roughly $100,000 per month) associated with maintaining the real property. Thus the Berkeley Properties bankruptcy estate will no longer bear the ongoing burden associated with the real property.

The primary remaining asset of the Berkeley Properties estate consists of roughly $500,000 in cash. The Pension Trust has recently made assertions that this cash is their collateral. The Plan Administrator disputes these assertions. The Pension Trust and the Plan Administrator are currently discussing a plan to resolve the dispute in an expeditious, cost-effective manner.